UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              CRIM. CASE NO. 16-20266

    Plaintiff,

v.                           PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

JESSE MONTGOMERY,

    Defendant.
_____/

\*AMENDED ORDER DENYING GOVERNMENT'S MOTION
FOR RECONSIDERATION OF OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO SUPPRESS[1]
[Dkt. #37]

On November 30, 2016, the Court held an extensive evidentiary hearing (10am-3:30pm) on the Defendant's Motion to Suppress evidence and statements procured from Defendant Jesse Montgomery arising from the police stop and search of a van on March 20, 2016, that was traveling in the opposite direction of

---

    \* The only Amendment is the Attachment of Exhibit 2.

    [1] The Court amends the original opinion on page 15, by deleting the last complete sentence: "The Court finds inherently incredible the testimony of one officer that there were no trees in the grassy median," and substituting this sentence: "The Court finds that the third officer, riding in the rear seat may have had an inaccurate perception of the situation due to moving traffic in opposite directions of the boulevard."

1

the police car on East Outer Drive, for failing to signal before changing lanes. The Government introduced Exhibit #2, a picture depicting a six-lane boulevard – a broad thoroughfare having grass plots with trees in the median. Indeed, the Government produced Exhibit #2 on a large screen, and often had witnesses point out where and how the events at issue occurred. Subsequent to that hearing, the parties filed supplemental briefings. The Government's Supplemental Brief also referred to Exhibit #2. (Dkt. #35, p.2)

The Court issued an Opinion and Order granting Defendant's Motion to Suppress on February 14, 2017. On February 28, 2017, the Government filed a Motion for Reconsideration contending that there was a palpable defect in the Court's Order by which the parties were misled, and also contending that correcting the defect would result in a different disposition of the case. Local Court Rule 7.1(h)(3).

The palpable defect that the Government discusses in its Motion for Reconsideration was, *mirabile dictu*, Government Exhibit #2, that it urged the Court and witnesses to rely on throughout the proceeding, the Government's

Supplemental Briefing – and thereafter, until February 28, 2017.[2]

The Government Motion for Reconsideration contends that Government Exhibit #2 was an incorrect ground depiction of the boulevard. But it was the only depiction provided to the Court at the extended hearing, which included extensive testimony about Exhibit #2, and the boulevard's foliage. Even after the hearing, the Government supplemental brief never sought to add to the depiction of the boulevard.

Only after the Court's Opinion was issued, did the Government attack the Court's Order as defective. Further, the Government now requests that the Court receive into evidence a series of recent photos of the Outer Drive boulevard, taken 11 months after the incident, and then overlook the previous relevance of its Exhibit #2 and conclude that the motion to suppress should now be denied because of this late in the day exhibit. This is "invited error," and vexatious litigation.

---

[2] <u>For example</u>, testimony of Officer Kijuan Anderson:
Q. [T]he prosecutor has previously shown you a photograph of that area . . .
A. Yes
Q. And that photograph is actually depicted on the screen right now, correct?
A. Yes
. . . .
Q. You would agree with me that there are trees lining the median?
A. Yes

Evid. Hrg. Transcript, Officer Anderson, p.55.

The U.S. Court of Appeals for the Sixth Circuit stated in *Harvis v. Roadway Express*, 923 F.2d 59, 61 (6th Cir. 1991):

> The doctrine of "invited error" refers to the principle that a party may not complain on appeal of errors that he himself invited or provoked the Court or the opposite party to commit. . . . *Corbin v. Baltimore & Ohio R.R.*, 234 F.2d 78, 81 (6th Cir. 1956) "[A] party cannot be permitted to take advantage of error which he has, even in good faith, invited or induced the district court to make."

The Court concludes that the Government's conduct in the instant case is "invited error," and that the Government should not be rewarded for its conduct, that it now contends created a palpable defect in the Court's Order. If there was a defect, it was in the Government's "conduct" prior to the Court's issuance of its Opinion.

The Government's Motion for Reconsideration is necessarily limited to the constraints of L.R. 7.1(h)(3); "demonstrate a palpable defect by which the court and the parties have been misled," and "also show that correcting the defect will result in a different disposition of the case." As to any defect, it was caused by the Government: it introduced Exhibit #2, which was relied upon at the hearing. The Government's change in strategy post Opinion is clearly "invited error" as discussed *supra*. This is not the Opinion's defect: it is the Government's defect in

4

introducing and relying on Exhibit #2 as depicting the reality on the ground.

As to the Government's new proposed photo exhibits, even if they were presented to the Court as proposed evidence, they would not result in a different disposition of the case:

> 1. They do not have significant indicia of reliability since they depict the boulevard on East Outer Drive 11 months after the incident.
>
> 2. They undermine Exhibit #2 which evidences a significant number of trees in the median.
>
> 3. The Court's Opinion and Order is not based solely upon the issue of the trees in the boulevard.

In addition to crediting the testimony of the officers that there were, indeed, trees in the median, and relying on Government Exhibit #2, the Court's ruling also credited the testimony of the two individuals in the van that "it did not change lanes during the period when the police observed it," undermining the Government's claim that lane changing without signaling provided probable cause for the stop. Opinion and Order, P.16. Thus, the Government's effort to "correct" the photo defect and the tree issue, would not result in a different disposition of the case.

The Court's determination of which testimony had factual credibility at the hearing is not a "defect," or erroneous.

5

Accordingly, the Court denies the Government's Motion for Reconsideration.

SO ORDERED.

Dated: MAR 2 0 2017

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE



EXHIBIT 2